

**United States District Court**
**Southern District of New York**
**Office of the Clerk**
**U.S. Courthouse**
**500 Pearl Street, New York, N.Y. 10007-1213**

# RECEIVED

JUL 1 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Date: July 8, 2008

**Our case #    07 cv 6421 (PAC)**

**Case Name:  Re: Great American Insurance Company of New York vs Advance Ocean Inc. et al**

Dear Sir/Madam,

Enclosed is a certified copy of the civil docket sheet  for the above referenced case that is being transferred from the United States District Court SDNY - **to the  Northern District of Illinois.** The case file can be accessed through our CM/ECF System for the Southern District of New York. Please contact Ms. Martine Jocelyn at (212) 805- 5346 and she will furnish you with a CM/ECF Login and Password.

The enclosed copy of this letter is for your convenience in acknowledging receipt of these documents.

\*\*Court policy for USDC-SDNY states that all ECF actions require only original, manual paper filings for the  initiating documents.  You may access our CM/ECF website for any additional documents that your court may require for processing.\*\*

Yours truly,

J. Michael McMahon
Clerk of Court

J. Schieb
Deputy Clerk

ama

**Fed Ex Air bill # 8651 7529 2820**

## RECEIPT IS ACKNOWLEDGED OF THE DOCUMENTS DESCRIBED HEREIN AND ASSIGNED CASE NUMBER:

JUL 1 0 2008

CASE #_____ON DATE: _____

CASE TRANSFERRED OUT FORM

# 08CV3921
# JUDGE ST.EVE
# MAG.JUDGE KEYS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

GREAT AMERICAN INSURANCE                    :
COMPANY OF NEW YORK,
                                            :
            Plaintiff,
                                            :
     -against-
                                            :
ADVANCE OCEAN INC., NIPPON
YUSEN KAISHA, NYK LINE (NORTH                :
AMERICA) INC., BURLINGTON
NORTHERN SANTA FE CORPORATION,:
BNSF RAILWAY COMPANY, THE
BURLINGTON NORTHERN AND                      :
SANTA FE RAILWAY COMPANY,
                                            :
            Defendants.
                                            :
------------------------------------------------X

**08CV3921**
**JUDGE ST.EVE**
**MAG.JUDGE KEYS**

07 Civ. 6421 (PAC)

ORDER

**F I L E D**

JUL 1 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HONORABLE PAUL A. CROTTY, United States District Judge:

Maclean Power Systems ("Maclean") contracted with rail carrier Defendants Burlington

Northern Santa Fe Corporation, BNSF Railway Company, and the Burlington Northern and

Santa Fe Railway Company (collectively, "BNSF") to ship certain of its products via rail from

Maclean's factories in Illinois to the port of embarkation—Los Angeles, California—where co-

Defendants Nippon Yusen Kaisha, and NYK Line North America (collectively, "NYK") and

Advance Ocean, Inc. ("Advance Ocean") were to provide for the maritime portion of the

shipment to the cargo's ultimate destination in Thailand.[1]  On July 18, 2006, Maclean's products

were damaged in a train derailment in Kansas.  Maclean's insurer, Great American Insurance

Company of New York, paid for the damaged goods and was subrogated to Maclean's claims.

The Insurance Company ("Great American" or "Plaintiff"), which is located in New York,

---

[1] NYK was the ocean carrier for the shipment and Advance Ocean was the non-vessel operating common carrier
(the "NVOCC"). NVOCC's are "freight-forwarders" or logistical intermediaries—they book bulk space on ocean
carriers, pay a bulk rate, and then subdivide the space and sell it in smaller quantities to other entities.

instituted this action and laid venue in New York. Plaintiff brings this action pursuant to the so-called "Carmack Amendment," 49 U.S.C. § 11706, which governs the liability of rail carriers. Defendants BNSF and NYK now move to transfer venue. For the reasons set forth below, the motion to transfer is granted. The case will be transferred to the Northern District of Illinois.[2]

## SUMMARY OF FACTS

Defendant BNSF was the rail carrier in possession of Maclean's goods at the time of derailment. BNSF has its principal place of business in Fort Worth, Texas, and has no routes in New York. Maclean is headquartered in Franklin Park, Illinois, and its shipping contract with BNSF was signed in Chicago. As part of the contract, Maclean agreed to be bound by BNSF's "Intermodal Rules & Policies Guide" (the "Intermodal Rules"), the policies governing its shipping contracts. Item 65(4) of the Intermodal Rules is a forum selection clause which requires that any suits against BNSF arising from a shipment of goods be brought at either the shipment's origination or termination point. Here, the train originated in Ellwood, Illinois and would have terminated in Los Angeles, California but for its derailment in Neosho Rapids, Kansas. Great American Insurance Company is located in New York, and the claim at issue in this suit was adjusted in New York, but Maclean's relevant witnesses are all located in Illinois.

## DISCUSSION

### I.    The Carmack Amendment

In 1906, "in an effort to create a national scheme of carrier liability for goods damaged or lost during interstate shipment," Congress amended the Interstate Commerce Act of 1887 to add the "Carmack Amendment." See Sompo Japan Ins. v. Union Pac., 456 F.3d 54, 58 (2d Cir. 2006) (quotations and citations omitted). The Carmack Amendment—codified at 49 U.S.C. §11706—"'imposes something close to strict liability upon originating and delivering rail

---

[2] Defendant Advance Ocean, Inc. ("Advance Ocean") also moves to dismiss for failure to state a claim and/or lack of personal jurisdiction. In light of the Court's decision to transfer the case, it declines to decide the motion to dismiss, which is transferred to the new venue.

carriers.'" Id. at 59 (quoting Rankin v. Allstate Ins. Co., 336 F.3d 8, 9 (1st Cir. 2003)). Where it applies, the Carmack Amendment provides the exclusive remedy for a shipper to recover damages from a rail carrier for loss or damage of cargo during shipment. See Am. Rock Salt v. Norfolk S., 387 F. Supp. 2d 197, 200 (W.D.N.Y. 2005) (citing Cleveland v. Beltman N. Am. Co., 30 F.3d 373, 380-81 (2d Cir. 1994)).

Section 11706(d)(2)(A) of the Carmack Amendment contains a special venue provision which restricts venue in actions against rail carriers. 49 U.S.C. § 11706(d)(2)(A).[3] The law is clear that where a restrictive special venue provision applies, a "court may . . . not allow the cause of action to be brought outside the district provided by Congress." Michael v. Thompson, No. 07 Civ. 838 (DRH), 2007 WL 4390342, at *3 n.5 (S.D. Ill. Dec. 14, 2007). In this case, Plaintiff brought the action in the Southern District of New York which is obviously not one of the enumerated districts permitted by the statute. As such, the Southern District of New York is an improper venue for this action.

The Carmack Amendment's special venue provision is restrictive and mandatory and is designed for the protection of the carrier. The Southern District of New York is clearly the wrong venue, and accordingly, the Court treats Defendants' motion to change venue under 28 U.S.C. § 1404 as a motion to cure a venue defect under 28 U.S.C. § 1406(a). Section 1406(a) states that where venue has been laid in the wrong district, a court is permitted to transfer the case "to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Here, the statute calls for venue in either the Northern District of Illinois or the Central District of California. Given that the damaged cargo originated in Illinois, the owner of the cargo is an

---

[3] "A civil action under this section may only be brought: (i) against the originating rail carrier, in the judicial district in which the point of origin is located; (ii) against the delivering rail carrier, in the judicial district in which the principal place of business of the person bringing the action is located if the delivering carrier operates a railroad or a route through such judicial district, or in the judicial district in which the point of destination is located; and (iii) against the carrier alleged to have caused the loss or damages, in the judicial district in which such loss or damage is alleged to have occurred." 49 U.S.C. §11706(d)(2)(A) (emphasis added).

Illinois company, several of the necessary witnesses are in Illinois, and the relevant contracts were signed there, the Court finds that Illinois is the proper venue for this action.

Plaintiff argues that BNSF's affirmative defense of improper venue was waived because it was not raised, as required, in BNSF's first responsive pleading to the complaint. See Fed. R. Civ. P. 12(h)(3) and 8(c); (Plaintiff's Memorandum ("Pl. Mem.") at 5-8.). The Court finds that the defense was not waived. It was raised in co-Defendant NYK's answer, and therefore, Plaintiff had notice that venue was improper. See LPR, SRL v. Challenger Overseas, LLC, No. 99 Civ. 8883 (JGK), 2000 WL 973748, at *6 (S.D.N.Y. July 13, 2000) (finding that the core purpose of the waiver doctrine is "to act as a safeguard against surprise and unfair prejudice" to the Plaintiff (quotations and citations omitted)); see also Schwind v. EW & Assocs., 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005) ("The purpose of requiring affirmative defenses to be pleaded in the answer is 'to notify a party of the existence of certain issues.'" (quoting Doubleday & Co. Inc. v. Curtis, 763 F.2d 495, 503 (2d Cir. 1985))); see also U.S. v. Cont'l Ill. Nat'l Bank and Trust, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[O]ne of the main reasons for the rule stated in Fed. R. Civ. P. 8(c) is to avoid surprise to the plaintiff"). In any event, the Court treats BNSF's motion to transfer as a motion to amend to include the defense, reaches its merits, and transfers the case. See Schwind, 357 F. Supp. 2d at 698 ("'[w]here an affirmative defense is asserted for the first time in support of a defendant's motion for summary judgment, a court may construe the summary judgment motion as a motion to amend the answer, and granting summary judgment permits such an amendment de facto.'" (quoting Levy v. Kosher Overseers Assn. of Am., Inc., No. 92 Civ. 8377, 2000 WL 294842 (DLC), at *7 (S.D.N.Y. Mar. 21, 2000))).[4]

---

[4] Plaintiff also includes a cursory, one-sentence objection to Defendants' motion on the grounds that Defendants failed to support the motion with an affidavit alleging personal facts. (Pl. Mem. at 2.) Plaintiff failed, however, to support this objection with case law or argument, and the Court dismisses the objection as unsupported and unfounded.

4

## II.    The Intermodal Rules

Even if the Carmack Amendment's restrictive venue provision did not apply here, the Southern District of New York would still be an improper venue by operation of BNSF's Intermodal Rules. (See Intermodal Rules, Yao Decl., Ex. E at 74, Item 65(4).) Item 65(4) of BNSF's Intermodal Rules is a forum selection clause which calls for any actions against BNSF to be brought "in the location of the shipment's origination or termination on BNSF." (Yao Decl., Ex. E at 74, Item 65(4).) Here, the shipment originated in Illinois and terminated in California. It is apparent, therefore, that the Southern District of New York is an improper venue under the Intermodal Rules. According to the Supreme Court, such forum selection clauses "should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in [the change of venue provision.]" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988). Viewing the clause in this manner, the Court finds that the Intermodal Rules provide another indication that the Southern District of New York is not the appropriate venue for this action.

## III.    Change of Venue

Setting aside the controlling law and the relevant facts, and assuming that the Court must conduct the traditional multi-factored change of venue analysis under 28 U.S.C. § 1404, venue would still lie in Illinois. The claim here is a subrogated one. The claim that Great American brings is essentially Maclean's claim, not its own, and Maclean is headquartered in Illinois, the shipping contract was signed in Illinois, the cargo originated in Illinois, and Maclean's witnesses are located in Illinois, among other factors favoring Illinois. Virtually all of the evidence relevant to the adjudication of the claim is sited in Illinois, and the underlying forum selection clause dictates Illinois as the proper venue—not to mention the fact that the location of

derailment (Kansas) is far closer to Illinois than to either New York or California.[5] The only viable connection to New York is Plaintiff's location, a fact which would be wholly irrelevant if the claim were not subrogated. Plaintiff is a large corporate entity who elected to do business with Maclean in Illinois and who has the means to litigate there; transfer to Illinois does not create an unfavorable balance for one party or another. Therefore, even an analysis of the multi-factored venue test indicates that Illinois is the proper venue.[6]

Finally, where, as here, the insurer has already paid a claim, the subrogated nature of the suit still remains, and equitable principles dictate that an insurance company cannot stand in a better position than its insured. See U.S. v. California, 507 U.S. 746, 756 (1993) ("When proceeding by subrogation, the subrogee 'stands in the place of one whose claim he has paid.'" (quoting U.S. v. Munsey Trust Co., 332 U.S. 234, 242 (1947)); Nipponkoa Ins. Co., Ltd. v. Watkins Motor Lines, Inc., 431 F. Supp. 2d 411, 414 (S.D.N.Y. 2006) (stating, with respect to a subrogated Carmack Amendment claim, "an insurer in its role as subrogee has no greater rights than those possessed by its insured, and its claims are subject to the same defenses." (quotations and citations omitted)). There is no good reason why these statements are not applicable to venue selection. Under these circumstances, a review of both the venue factors and equitable principles dictates that the Court transfer the case to Illinois.

## CONCLUSION

Defendants BNSF and NYK's motion to transfer is GRANTED. After consideration of the Carmack Amendment's special venue provision, and an analysis of the multi-factor venue

---

[5] According to Google Maps, Neosho Rapids, Kansas is 1,583 miles from Los Angeles, California, 1,290 miles from New York, New York, and only 627 miles from Chicago, Illinois.

[6] Some of the factors a district court should consider when deciding whether to change venue pursuant to § 1404 are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) a forum's familiarity with governing law, and (8) the relative means of the parties. See D. H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006); Cartier v. D & D Jewelry Imports, 510 F. Supp. 2d 344, 346 (S.D.N.Y. 2007).

test, the Court exercises its broad discretion to change the venue of this case. The case is transferred to the Northern District of Illinois. The Clerk of Court is directed to terminate this motion and transfer the case. All other pending matters shall be transferred to Illinois.

Dated: New York, New York
July 7, 2008

SO ORDERED

PAUL A. CROTTY
United States District Judge

A CERTIFIED COPY
J. MICHAEL McMAHON,    CLERK

BY _____
DEPUTY CLERK

7

ECF

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:07-cv-06421-PAC
### Internal Use Only

Great American Insurance Company of New York v.
Advance Ocean Inc. et al
Assigned to: Judge Paul A. Crotty
Cause: 28:1337 Sherman-Clayton Act

Date Filed: 07/16/2007
Jury Demand: Defendant
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Great American Insurance Company of New York**

represented by **Harold M. Kingsley**
Kingsley Kingsley & Calkins
91 West Cherry Street
Hicksville, NY 11801
(516) 931-0064
Fax: (516) 931 4313
Email: hmk@kingsleyandkingsley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**FILED**

JUL 1 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

V.

**Defendant**

**Advance Ocean Inc.**

represented by **Peter A. Junge**
Junge & Mele, LLP
29 Broadway, 9th Flr.
New York, NY 10006-3101
(212) 269-0061
Fax: (212) 269-0515
Email: pjunge@junge-mele.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**08CV3921**
**JUDGE ST.EVE**
**MAG.JUDGE KEYS**

**Defendant**

**Nippon Yusen Kaisha**

represented by **Arjay G. Yao**
Landman Corsi Ballaine & Ford, P.C.
120 Broadway
New York, NY 10271
(212)-238-4800
Fax: (212)-238-4848
Email: ayao@lcbf.com

A CERTIFIED COPY
J. MICHAEL McMAHON,                    **CLERK**

BY
DEPUTY CLERK

*ATTORNEY TO BE NOTICED*

**Ronald E Joseph**
Landman Corsi Ballaine & Ford PC
120 Broadway, 27th Floor
New York, NY 10271
212-238-4800
Fax: 212-238-4848
Email: RJoseph@lcbf.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**NYK LIne (North America), Inc.**       represented by **Arjay G. Yao**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald E Joseph**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Burlington Northern Santa Fe**       represented by **Ronald E Joseph**
**Corporation**                            (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arjay G. Yao**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**BNSF Railway Company**       represented by **Ronald E Joseph**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arjay G. Yao**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**The Burlington Northern and Santa**       represented by **Ronald E Joseph**
**Fe Railway Company**                         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arjay G. Yao**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**BNSF Railway Company**                    represented by **Ronald E Joseph**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**The Burlington Northern and Santa**       represented by **Ronald E Joseph**
**Fe Railway Company**                                      (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Burlington Northern Santa Fe**            represented by **Ronald E Joseph**
**Corporation**                                             (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Advance Ocean Inc.**                       represented by **Peter A. Junge**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Nippon Yusen Kaisha**                      represented by **Ronald E Joseph**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**NYK LIne (North America), Inc.**           represented by **Ronald E Joseph**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Advance Ocean Inc.**                       represented by **Peter A. Junge**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*

**Cross Claimant**

**Advance Ocean Inc.**                          represented by  **Peter A. Junge**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

**BNSF Railway Company**

**Cross Defendant**

**The Burlington Northern and Santa Fe Railway Company**

**Cross Defendant**

**Advance Ocean Inc.**                          represented by  **Peter A. Junge**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*


**Cross Defendant**

**Nippon Yusen Kaisha**

**Cross Defendant**

**NYK LIne (North America), Inc.**

**Cross Defendant**

**Burlington Northern Santa Fe Corporation**


| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2007 | 1 | COMPLAINT against Advance Ocean Inc., Nippon Yusen Kaisha, NYK LIne (North America), Inc., Burlington Northern Santa Fe Corporation. (Filing Fee $ 350.00, Receipt Number 620726)Document filed by Great American Insurance Company of New York.(laq) Additional attachment(s) added on 7/17/2007 (Lewis, Diahan). (Entered: 07/17/2007) |
| 07/16/2007 | | SUMMONS ISSUED as to Advance Ocean Inc., Nippon Yusen Kaisha, NYK LIne (North America), Inc., Burlington Northern Santa Fe Corporation. (laq) (Entered: 07/17/2007) |

| 07/16/2007 | 📄 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying American Financial Group, Inc. as Corporate Parent. Document filed by Great American Insurance Company of New York.(laq) Additional attachment(s) added on 7/17/2007 (Lewis, Diahan). (Entered: 07/17/2007) |
| 07/16/2007 | 📄 | Magistrate Judge Theodore H. Katz is so designated. (laq) (Entered: 07/17/2007) |
| 07/16/2007 | 📄 | Case Designated ECF. (laq) (Entered: 07/17/2007) |
| 08/01/2007 | 📄 3 | SUMMONS RETURNED EXECUTED. Burlington Northern Santa Fe Corporation served on 7/24/2007, answer due 8/13/2007. Service was accepted by Jeffrey T. Williams, General Atty. Document filed by Great American Insurance Company of New York. (Murtagh, Kevin) (Entered: 08/01/2007) |
| 08/08/2007 | 📄 4 | AFFIDAVIT OF SERVICE. Nippon Yusen Kaisha served on 7/30/2007, answer due 8/20/2007. Service was accepted by Managing Agent. Document filed by Great American Insurance Company of New York. (Murtagh, Kevin) (Entered: 08/08/2007) |
| 08/08/2007 | 📄 5 | AFFIDAVIT OF SERVICE. NYK LIne (North America), Inc. served on 8/2/2007, answer due 8/22/2007. Service was accepted by Joey Fagarito, Managing Agent. Document filed by Great American Insurance Company of New York. (Murtagh, Kevin) (Entered: 08/08/2007) |
| 08/22/2007 | 📄 6 | AMENDED COMPLAINT amending 1 Complaint, against BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company, Advance Ocean Inc., Nippon Yusen Kaisha, NYK LIne (North America), Inc., Burlington Northern Santa Fe Corporation. Document filed by Great American Insurance Company of New York. Related document: 1 Complaint, filed by Great American Insurance Company of New York. (jco) (Entered: 08/24/2007) |
| 09/05/2007 | 📄 7 | AFFIDAVIT OF SERVICE. Advance Ocean Inc. served on 8/27/2007, answer due 9/17/2007. Service was accepted by Mr. Scott, Gen. Agent. Document filed by Great American Insurance Company of New York. (Murtagh, Kevin) (Entered: 09/05/2007) |
| 09/11/2007 | 📄 8 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Burlington Northern Santa Fe Corporation as Corporate Parent. Document filed by BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company, Burlington Northern Santa Fe Corporation.(Joseph, Ronald) (Entered: 09/11/2007) |
| 09/11/2007 | 📄 9 | ANSWER to Amended Complaint., CROSSCLAIM against Advance Ocean Inc.. Document filed by BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company, Burlington Northern Santa Fe Corporation. Related document: 6 Amended Complaint, filed by Great American Insurance Company of New York.(Joseph, Ronald) (Entered: 09/11/2007) |

| 09/24/2007 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Nippon Yusen Kaisha, Ltd. as Corporate Parent. Document filed by Nippon Yusen Kaisha, NYK LIne (North America), Inc..(Joseph, Ronald) (Entered: 09/24/2007) |
|---|---|---|
| 09/24/2007 | 11 | ANSWER to Amended Complaint., CROSSCLAIM against Advance Ocean Inc.. Document filed by Nippon Yusen Kaisha, NYK LIne (North America), Inc.. Related document: 6 Amended Complaint, filed by Great American Insurance Company of New York.(Joseph, Ronald) (Entered: 09/24/2007) |
| 11/13/2007 | 12 | ENDORSED LETTER addressed to Judge Paul A. Crotty from Kingsley, Kingsley & Calkins dated 11/13/2007 re: Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, we request an Order granting the plaintiff an additional 30 days to serve defendant Advance Ocean Inc. ENDORSEMENT: So Order. (Signed by Judge Paul A. Crotty on 11/13/2007) (jar) (Entered: 11/13/2007) |
| 11/30/2007 | 13 | AFFIDAVIT OF SERVICE. Advance Ocean Inc. served on 11/27/2007, answer due 12/17/2007. Service was accepted by Michael Lam, Authorized Agent. Document filed by Great American Insurance Company of New York. (Murtagh, Kevin) (Entered: 11/30/2007) |
| 01/02/2008 | 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Advance Ocean Inc..(Junge, Peter) (Entered: 01/02/2008) |
| 01/02/2008 | 15 | ANSWER to Amended Complaint with JURY DEMAND., CROSSCLAIM against all defendants. Document filed by Advance Ocean Inc.. Related document: 6 Amended Complaint, filed by Great American Insurance Company of New York.(Junge, Peter) (Entered: 01/02/2008) |
| 01/02/2008 | 16 | ANSWER to Crossclaim. Document filed by Advance Ocean Inc..(Junge, Peter) (Entered: 01/02/2008) |
| 01/02/2008 | 17 | ANSWER to Crossclaim. Document filed by Advance Ocean Inc..(Junge, Peter) (Entered: 01/02/2008) |
| 01/03/2008 | 18 | INITIAL PRETRIAL CONFERENCE ORDER: Initial Conference set for 1/17/2008 at 02:15 PM in Courtroom 20C, 500 Pearl Street, New York, NY 10007 before Judge Paul A. Crotty. So Ordered. (Signed by Judge Paul A. Crotty on 1/3/08) (jco) (Entered: 01/03/2008) |
| 01/17/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty: Remark: The schedule on defendants Nippon Yusen Kaisha, Burlington and NYK motion for change of venue, and defendant Advance Ocean Inc., motion to dismiss is as follows: Motions by 02/01/08, Oppositions by 02/15/08 and Replies by 02/22/08. The Court will contact the parties in the event oral argument is necessary. Visit http://www1.nysd.uscourts.gov/courtrm_tech.php with respect to ordering a transcript of a recorded proceeding via "Courtflow"). Initial Pretrial |

| | | |
|---|---|---|
| | | Conference held on 1/17/2008. (mov) (Entered: 01/21/2008) |
| 01/22/2008 | 19 | ANSWER to Crossclaim. Document filed by Burlington Northern Santa Fe Corporation.(Joseph, Ronald) (Entered: 01/22/2008) |
| 01/22/2008 | 20 | ANSWER to Crossclaim. Document filed by Nippon Yusen Kaisha.(Joseph, Ronald) (Entered: 01/22/2008) |
| 02/01/2008 | 21 | MOTION to Dismiss *Amended Complaint*. Document filed by Advance Ocean Inc.. Responses due by 2/15/2008(Junge, Peter) (Entered: 02/01/2008) |
| 02/01/2008 | 22 | DECLARATION of Esther Helen Lee in Support re: 21 MOTION to Dismiss *Amended Complaint*.. Document filed by Advance Ocean Inc.. (Junge, Peter) (Entered: 02/01/2008) |
| 02/01/2008 | 23 | MEMORANDUM OF LAW in Support re: 21 MOTION to Dismiss *Amended Complaint*.. Document filed by Advance Ocean Inc.. (Junge, Peter) (Entered: 02/01/2008) |
| 02/01/2008 | 24 | MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)*. Document filed by BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company, Nippon Yusen Kaisha, NYK LIne (North America), Inc., Burlington Northern Santa Fe Corporation. (Attachments: # 1 Declaration of Arjay G. Yao in Support of Motion for Transfer of Venue, # 2 Exhibits A through D to Declaration, # 3 Exhibits E through H to Declaration)(Yao, Arjay) (Entered: 02/01/2008) |
| 02/01/2008 | 25 | MEMORANDUM OF LAW in Support re: 24 MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)*. MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)*.. Document filed by BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company, Nippon Yusen Kaisha, NYK LIne (North America), Inc., Burlington Northern Santa Fe Corporation. (Yao, Arjay) (Entered: 02/01/2008) |
| 02/15/2008 | 26 | MEMORANDUM OF LAW in Opposition re: 24 MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)*. MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)*.. Document filed by Advance Ocean Inc.. (Junge, Peter) (Entered: 02/15/2008) |
| 02/15/2008 | 27 | DECLARATION of Steven P. Calkins in Opposition re: 21 MOTION to Dismiss *Amended Complaint*.. Document filed by Great American Insurance Company of New York. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Murtagh, Kevin) (Entered: 02/15/2008) |
| 02/15/2008 | 28 | MEMORANDUM OF LAW in Opposition re: 21 MOTION to Dismiss *Amended Complaint*.. Document filed by Great American Insurance Company of New York. (Murtagh, Kevin) (Entered: 02/15/2008) |
| 02/15/2008 | 29 | DECLARATION of Steven P. Calkins in Opposition re: 24 MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)*. MOTION to Change Venue |

| | | *Pursuant to 28 U.S.C. 1404(a)..* Document filed by Great American Insurance Company of New York. (Attachments: # 1 Exhibit 6.1, # 2 Exhibit 6.2, # 3 Errata 6.3, # 4 Exhibit 6.4, # 5 Exhibit 6.5, # 6 Exhibit 6.6, # 7 Exhibit 6.7, # 8 Exhibit 6.8, # 9 Exhibit 6.9, # 10 Exhibit 6.10, # 11 Exhibit 7)(Murtagh, Kevin) (Entered: 02/15/2008) |
|---|---|---|
| 02/15/2008 | 30 | MEMORANDUM OF LAW in Opposition re: 24 MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a).* MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)..* Document filed by Great American Insurance Company of New York. (Murtagh, Kevin) (Entered: 02/15/2008) |
| 02/20/2008 | 31 | DECLARATION of Robert Mohn in Opposition re: 24 MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a).* MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)..* Document filed by Great American Insurance Company of New York. (Murtagh, Kevin) (Entered: 02/20/2008) |
| 02/22/2008 | 32 | REPLY AFFIDAVIT of Esther Helen Lee in Support re: 21 MOTION to Dismiss *Amended Complaint..* Document filed by Advance Ocean Inc.. (Junge, Peter) (Entered: 02/22/2008) |
| 02/22/2008 | 33 | REPLY MEMORANDUM OF LAW in Support re: 21 MOTION to Dismiss *Amended Complaint..* Document filed by Advance Ocean Inc.. (Junge, Peter) (Entered: 02/22/2008) |
| 02/22/2008 | 34 | DECLARATION of Arjay G. Yao in Support re: 24 MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a).* MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)..* Document filed by BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company, Nippon Yusen Kaisha, NYK LIne (North America), Inc., Burlington Northern Santa Fe Corporation. (Attachments: # 1 Exhibit A)(Yao, Arjay) (Entered: 02/22/2008) |
| 02/22/2008 | 35 | REPLY MEMORANDUM OF LAW in Support re: 24 MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a).* MOTION to Change Venue *Pursuant to 28 U.S.C. 1404(a)..* Document filed by BNSF Railway Company, The Burlington Northern and Santa Fe Railway Company, Nippon Yusen Kaisha, NYK LIne (North America), Inc., Burlington Northern Santa Fe Corporation. (Yao, Arjay) (Entered: 02/22/2008) |
| 07/08/2008 | 36 | ORDER: Defendants BNSF and NYK's motion to transfer is GRANTED. After consideration of the Carmack Amendment's special venue provision, and an analysis of the multi factor venue test, the Court exercises its broad discretion to change the venue of this case. The case is transferred to the Northern District of Illinois. The Clerk of Court is directed to terminate this motion and transfer the case. All other pending matters shall be transferred to Illinois. (Signed by Judge Paul A. Crotty on 7/7/08) (js) (Entered: 07/08/2008) |

HMK/jb GA 7921

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,

                    Plaintiff,                 07 CIV 6421 (PAC)(THK)
                                               ECF CASE

     -against-

ADVANCE OCEAN INC., NIPPON YUSEN     **AMENDED**
KAISHA, NYK LINE (NORTH AMERICA)    **COMPLAINT**
INC., BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA
FE RAILWAY COMPANY

                   Defendants.
--------------------------------------------------------X

      Plaintiff by its attorneys KINGSLEY KINGSLEY & CALKINS alleges for its

complaint herein:

      1.     Plaintiff is an insurer existing under the laws of the State of New

York which provided insurance coverage herein.  Plaintiff's assured, Maclean

Power Systems, was the owner of a cargo of insulators shipped on defendants'

railroad.

      2.     Defendants are operators of a railroad doing business as common

carriers by rail in interstate commerce, and governed by 49 U.S.C. 11706.

      3.     This Court has jurisdiction under 28 U.S.C. 1337.

      4.     Plaintiff sues for damage to a cargo of insulators moving from

Elwood, Illinois to Los Angeles shipped in containers TRIU535326-1;

NYKU632090-5; TRIU550468-7; TRLU6390080; NYKU602297-9 and

NYKU630810-8, delivered for shipping at Elwood July 12, 13, 14, 2006.

5.    The damages suffered total $165,053.04, which was paid by plaintiff under its policy of insurance, and for which plaintiff is duly subrogated.

WHEREFORE, plaintiff demands judgment in the amount of $165,053.04 plus interest from the date of loss.

Dated:   August 21, 2007

KINGSLEY KINGSLEY & CALKINS
Attorneys for Plaintiff


BY:_/S/_____
    HAROLD M. KINGSLEY
    91 West Cherry Street
    Hicksville, New York 11801
    (516) 931-0064
    hmk@kingsleyandkingsley.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

                Plaintiff,

      - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

                Defendants.
------------------------------------------------------------------X

**ANSWER TO AMENDED
COMPLAINT**

07 CIV 6421 (PAC)(THK)

Defendants BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY

COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C.,

hereby answer the Amended Complaint herein as follows:

FIRST:  Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "1" of the Amended Complaint.

SECOND:  Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "2" of the Amended Complaint and refer all matters

of law to the Court.

THIRD:  Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "3" of the Amended Complaint and refer all matters of law

447879.1 DocsNY

to the Court.

FOURTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "5" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

SIXTH: Burlington Northern Santa Fe Corporation is not a proper party to this action.

## SECOND AFFIRMATIVE DEFENSE

SEVENTH: Any injuries suffered by plaintiff, its agents or principals were caused solely by their own negligence and not by any negligence of the answering defendants.

## THIRD AFFIRMATIVE DEFENSE

EIGHTH:  Any injuries suffered by plaintiff, its agents or principals, were caused, in part, by their own negligence, and any recovery by plaintiff must be diminished in proportion to that part of its injuries attributable to its own negligence or that of its agents or principals.

## FOURTH AFFIRMATIVE DEFENSE

NINTH:  Any injuries suffered by plaintiff were not caused by a negligent act or omission of answering defendants or any individual acting under their direction or control.

## FIFTH AFFIRMATIVE DEFENSE

TENTH:  Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

ELEVENTH: Plaintiff is not a proper party to this action.

## SEVENTH AFFIRMATIVE DEFENSE

TWELFTH:  Plaintiff has not fully complied with Item 64 and other provisions of the

Burlington Northern Santa Fe Intermodal Rules & Policies Guide.

## EIGHTH AFFIRMATIVE DEFENSE

THIRTEENTH: There is a per package maximum limitation provision.

## NINTH AFFIRMATIVE DEFENSE

FOURTEENTH:  This action is time barred.

## TENTH AFFIRMATIVE DEFENSE

FIFTEENTH: The Amended Complaint fails to state a cause of action upon which relief can

be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH:  In the event that plaintiff has no title or interest in the shipment that

is the subject matter of this action, then plaintiff is not the real party in interest herein and is not

entitled to maintain this suit.

## TWELFTH AFFIRMATIVE DEFENSE

SEVENTEENTH:  The contract of carriage does not contemplate responsibility for

special or consequential damages.  To the extent that plaintiff seeks special and/or consequential

damages, answering defendants are not responsible for such amounts.

## THIRTEENTH AFFIRMATIVE DEFENSE

EIGHTEENTH:  If the shipment referred to in the Amended Complaint suffered any

loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom answering defendants have no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

NINETEENTH:  Answering defendants are not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiff complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

TWENTIETH:  Any accident, damages and injuries alleged to have occurred was solely due to the negligence of plaintiff or others acting on its behalf.

## SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: In the event that answering defendants handled the subject shipment, when whatever shipments were received for transportation by answering defendants was accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of answering defendants, which together form the contract of carriage respecting the transportation of such shipment.  In the event that answering defendants handled the subject shipment, answering defendants duly performed all the terms and conditions of said contract of carriage on its part to be performed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:  In the event that answering defendants handled the subject shipment, then to the extend that answering defendants did not load, count or secure the subject shipment, they cannot be held liable for any damage to the shipment caused by improper loading

and/or securement based upon the provisions of applicable law.

## EIGHTEENTH  AFFIRMATIVE DEFENSE

TWENTY-THIRD:  To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

## NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Answering Defendants are not responsible for damage caused by the inherent vice or defects in the shipment.

## TWENTIETH  AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Answering Defendants are not subject to personal jurisdiction in this forum.

## FIRST CROSS CLAIM

TWENTY-SIXTH: If answering defendants are found liable to plaintiff in this action, answering defendants allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendant ADVANCE OCEAN INC., thereby entitling answering defendants to indemnification or contribution from defendant ADVANCE OCEAN INC., for such liability.

TWENTY-SEVENTH:  That by reason of the foregoing, defendant ADVANCE OCEAN INC., will be liable to answering defendants in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above answering defendants' equitable share of such judgment.  The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

TWENTY-EIGHTH:  If answering defendants are found liable to plaintiff in this action, answering defendants allege that defendant ADVANCE OCEAN INC., would be liable for said judgment or settlement pursuant to contractual agreement(s).

**WHEREFORE**, answering defendants demand judgment dismissing the Amended Complaint herein, together with the costs and disbursements of this action; and further demands that in the event plaintiff recovers judgment against answering defendants, then answering defendants demand judgment over and against defendant ADVANCE OCEAN INC., for the amount of any such judgment, or in an amount equal to the excess over and above its equitable share of any such judgment, together with the costs and disbursements of this action.

Dated: New York, New York
      September 10, 2007

                    Respectfully submitted,

                    LANDMAN CORSI BALLAINE & FORD P.C.

                    By:_____
                        Ronald E. Joseph (RJ 9302)
                    Attorneys for Defendants
                    BURLINGTON NORTHERN SANTA FE CORPORATION,
                    BNSF RAILWAY COMPANY, THE BURLINGTON
                    NORTHERN AND SANTA FE RAILWAY COMPANY
                    120 Broadway, 27th Floor
                    New York, New York  10271-0079
                    (212) 238-4800

TO:    KINGSLEY KINGSLEY & CALKINS
        Attorneys for Plaintiff
        91 West Cherry Street
        Hicksville, New York 11801
        (516) 931-0064

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                              ) ss.:
COUNTY OF NEW YORK  )

       **Jennifer Turro**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at ROCKVILLE CENTRE, NEW YORK.

       That on the 11th day of September 2007, deponent served the within **ANSWER TO AMENDED COMPLAINT**

upon

                     KINGSLEY KINGSLEY & CALKINS
                     Attorneys for Plaintiff
                     91 West Cherry Street
                     Hicksville, New York 11801
                     (516) 931-0064

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                      _____
                                      JENNIFER TURRO

Sworn to before me this
11th day of September, 2007

_____
   Notary

MIRIAM DEIKUN
Notary Public, State of New York
No. 01DE6141377
Qualified in Queens County
Commission Expires February 21, 20_10_

447879.1 DocsNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

               Plaintiff,

     - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

              Defendants.
-----------------------------------------------------------------X

**ANSWER TO AMENDED
COMPLAINT**

07 CIV 6421 (PAC)(THK)

Defendants NIPPON YUSEN KAISHA, NYK LINE (NORTH AMERICA) INC.
("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C.,
hereby answer the Amended Complaint herein as follows:

     FIRST:  Defendants deny knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph "1" of the Amended Complaint.

     SECOND:  Defendants deny the truth of each and every allegation contained in paragraph
"2" of the Amended Complaint

     THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph "3" of the Amended Complaint and refer all matters of law
to the Court.

     FOURTH:  Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "4" of the Amended Complaint.

FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "5" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

SIXTH: Nippon Yusen Kaisha and NYK Line (North America) are not proper parties to this action.

### SECOND AFFIRMATIVE DEFENSE

SEVENTH: Any injuries suffered by plaintiff, its agents or principals were caused solely by their own negligence and not by any negligence of the answering defendants.

### THIRD AFFIRMATIVE DEFENSE

EIGHTH: Any injuries suffered by plaintiff, its agents or principals, were caused, in part, by their own negligence, and any recovery by plaintiff must be diminished in proportion to that part of its injuries attributable to its own negligence or that of its agents or principals.

### FOURTH AFFIRMATIVE DEFENSE

NINTH: Any injuries suffered by plaintiff were not caused by a negligent act or omission of answering defendants or any individual acting under their direction or control.

### FIFTH AFFIRMATIVE DEFENSE

TENTH: Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

ELEVENTH: Plaintiff is not a proper party to this action.

## SEVENTH AFFIRMATIVE DEFENSE

TWELFTH:  There is a per package maximum limitation provision.

## EIGHTH AFFIRMATIVE DEFENSE

THIRTEENTH: This action is time barred.

## NINTH AFFIRMATIVE DEFENSE

FOURTEENTH: The Amended Complaint fails to state a cause of action upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

FIFTEENTH: In the event that plaintiff has no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

## ELEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: The contract of carriage does not contemplate responsibility for special or consequential damages.  To the extent that plaintiff seeks special and/or consequential damages, answering defendants are not responsible for such amounts.

## TWELFTH AFFIRMATIVE DEFENSE

SEVENTEENTH: If the shipment referred to in the Amended Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom answering defendants have no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

EIGHTEENTH: Answering defendants are not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiff complains.

### FOURTEENTH AFFIRMATIVE DEFENSE

NINETEENTH:  Any accident, damages and injuries alleged to have occurred was  solely due to the negligence of plaintiff or others acting on its behalf.

### FIFTEENTH AFFIRMATIVE DEFENSE

TWENTIETH:  In the event that answering defendants handled the subject shipment, when whatever shipments were received for transportation by answering defendants was accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of answering defendants, which together form the contract of carriage respecting the transportation of such shipment.  In the event that answering defendants handled the subject shipment, answering defendants duly performed all the terms and conditions of said contract of carriage on its part to be performed.

### SIXTEENTH  AFFIRMATIVE DEFENSE

TWENTY-FIRST: In the event that answering defendants handled the subject shipment, then to the extend that answering defendants did not load, count or secure the subject shipment, they cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

### EIGHTEENTH  AFFIRMATIVE DEFENSE

TWENTY-THIRD: Answering Defendants are not responsible for damage caused by the inherent vice or defects in the shipment.

### NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Answering Defendants are not subject to personal jurisdiction in this forum.

### TWENTIETH  AFFIRMATIVE DEFENSE

TWENTY-FIFTH: This action should be dismissed based upon improper venue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

TWENTY-SIXTH: This action should be dismissed pursuant to the doctrine of forum non conveniens.

### FIRST CROSS CLAIM

TWENTY-SEVENTH:  If answering defendants are found liable to plaintiff in this action, answering defendants allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendant ADVANCE OCEAN INC., thereby entitling answering defendants to indemnification or contribution from defendant ADVANCE OCEAN INC., for such liability.

TWENTY-EIGHTH:  That by reason of the foregoing, defendant ADVANCE OCEAN INC., will be liable to answering defendants in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above answering defendants' equitable share of such judgment.  The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

TWENTY-NINTH:  If answering defendants are found liable to plaintiff in this action, answering defendants allege that defendant ADVANCE OCEAN INC., would be liable for said judgment or settlement pursuant to contractual agreement(s).

**WHEREFORE**, answering defendants demand judgment dismissing the Amended Complaint herein, together with the costs and disbursements of this action; and further demands that in the event plaintiff recovers judgment against answering defendants, then answering defendants demand judgment over and against defendant ADVANCE OCEAN INC., for the amount of any such judgment, or in an amount equal to the excess over and above its equitable share of any such judgment, together with the costs and disbursements of this action.

Dated: New York, New York
      September 24, 2007

                  Respectfully submitted,

                  LANDMAN CORSI BALLAINE & FORD P.C.

                  By:
                      Ronald E. Joseph (RJ 9302)
                  Attorneys for Defendants
                  Nippon Yusen Kaisha and NYK Line (North America)
                  120 Broadway, 27th Floor
                  New York, New York  10271-0079
                  (212) 238-4800

TO:    KINGSLEY KINGSLEY & CALKINS
       Attorneys for Plaintiff
       91 West Cherry Street
       Hicksville, New York 11801
       (516) 931-0064

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK  )

      **MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

      That on the 24th day of September, 2007, deponent served the within **ANSWER TO AMENDED COMPLAINT**

upon

               Kingsley Kingsley & Calkins
               91 West Cherry Street
               Hicksville, NY 11801

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                 Miriam Deikun

Sworn to before me this
24th day of September 2007

  Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010

*11740-PAJ*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

| | | |
|---|---|---|
| **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,** | : | **07 CIV 6421 (PAC) (THK)** |
| | : | |
| **Plaintiff,** | : | **ANSWER TO AMENDED** |
| **v.** | : | **COMPLAINT WITH** |
| | : | **CROSS-CLAIMS** |
| **ADVANCE OCEAN INC., NIPPON YUSEN KAISHA, NYK (NORTH AMERICA) INC., BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,** | : | |
| | : | **ANSWERING DEFENDANT** |
| | : | **DEMANDS TRIAL BY JURY** |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

--------------------------------------------------------- x

Defendant, **ADVANCE OCEAN INC.,** by its attorneys, **JUNGE & MELE, LLP**, as its Answer to the Amended Complaint of Plaintiff, **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**, and Cross-Claiming against Defendants, **NIPPON YUSEN KAISHA, NYK (NORTH AMERICA) INC., BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,** alleges as follows:

**FIRST**:     Answering Defendant denies knowledge and information sufficient to form a belief as to the matters set forth in paragraphs "1," "3" and "4" of the Amended Complaint.

**SECOND:**    Answering Defendant denies the allegations contained in paragraphs "2" and "5" of the Amended Complaint.

## AS AND FOR ITS AFFIRMATIVE DEFENSES
## ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Answering Defendant and/or this action is subject to arbitration pursuant to the governing charter party or documents of carriage.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action or fails to state claims upon which relief can be granted as against Answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Amended Complaint are due to the active fault, neglect, negligence, and breach of express or implied contract by co-Defendants or other third parties.

### FOURTH AFFIRMATIVE DEFENSE

If carriage of Plaintiff's cargo was effected pursuant to any statutory enactment, Answering Defendant is without responsibility, or its liability is limited by the package or weight limitation, or other limitations, for the loss or damage alleged by Plaintiff in its Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendant was merely a freight forwarder and did not receive, transport or carry Plaintiff's cargo, and as such, is without any liability to any of the parties herein.

### SIXTH AFFIRMATIVE DEFENSE

Any loss or damage to Plaintiff's cargo was due to inherent vice, and/or acts of the shipper, owner of the cargo or third parties, for which Answering Defendant may not be held responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any losses as alleged in the Amended Complaint, said losses arose out of and were caused by risks, dangers and hazards, all of which were open, obvious and assumed by shipper, Plaintiff or owners of the cargo.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any loss or damages, as alleged in the Amended Complaint, said damages were caused solely by its own or shipper's negligence, or that of their agents, servants or employees, and were not caused or contributed to in any manner by the alleged negligence, breach of express contracts or breach of warranty of Answering Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to take all reasonable steps to minimize its damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited pursuant to the terms and conditions of any contracts of carriage entered into with respect to the subject cargo.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant is or was an agent for a fully disclosed principal.

## CROSS-CLAIMS AGAINST CO-DEFENDANTS
## NIPPON YUSEN KAISHA, NYK (NORTH AMERICA) INC., BURLINGTON
## NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE
## BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

**FIRST**:     If Answering Defendant is found liable to Plaintiff in this action by way of verdict, judgment or settlement, such liability, if any, in whole or in part, would be due to the active and primary fault, neglect and negligence and/or breach of express and implied contract on the part of **NIPPON YUSEN KAISHA, NYK (NORTH AMERICA) INC., BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,** one of them, some of them, or all of them, without any fault, neglect, negligence and/or breach of express or implied contract by Answering Defendant contributing thereto.

**SECOND**:   By reason of the foregoing, Answering Defendant demands indemnification and/or contribution from said co-Defendants, **NIPPON YUSEN KAISHA, NYK (NORTH AMERICA) INC., BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON**

**NORTHERN AND SANTA FE RAILWAY COMPANY,** one of them, some of them, or all of them, for any such verdict, judgment or settlement which may be rendered against it, including reasonable counsel fees necessary to defend this action.

**WHEREFORE,** Answering Defendant demands that the Amended Complaint herein be dismissed with costs and disbursements to Answering Defendant as against the Plaintiff, and in the alternative, that Answering Defendant have judgment on its Cross-Claims against co-Defendants, one of them, some of them, or all of them, including reasonable counsel fees necessary to defend this action, together with costs and disbursements, and that the Court grant such other, further and different relief as the justice of the cause may require.

Dated in the City of New York on January 2, 2008

> Respectfully submitted,
>
> JUNGE & MELE, LLP
> *Attorneys for Defendant*
> *Advance Ocean Inc.*
>
>     /s/ Peter A. Junge
> By_____
>     Peter A. Junge (PJ-0745)
>     29 Broadway - 9th Floor
>     New York, NY 10006
>     (212) 269-0061

-5-

*11740-PAJ*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | |
|---|---|
| **GREAT AMERICAN INSURANCE** : | **07 CIV 6421 (PAC) (THK)** |
| **COMPANY OF NEW YORK,** : | |
| **Plaintiff,** : | |
| **v.** : | |
| : | **ANSWER TO** |
| **ADVANCE OCEAN INC., NIPPON YUSEN** : | **CROSS-CLAIMS** |
| **KAISHA, NYK (NORTH AMERICA) INC.,** : | |
| **BURLINGTON NORTHERN SANTA FE** : | |
| **CORPORATION, BNSF RAILWAY** : | |
| **COMPANY, THE BURLINGTON** : | |
| **NORTHERN AND SANTA FE RAILWAY** : | |
| **COMPANY,** : | |
| **Defendants.** : | |

---------------------------------------------------------- x

Defendant, **ADVANCE OCEAN INC.**, by its attorneys, **JUNGE & MELE, LLP**,

hereby sets forth the following as its Answer to the Cross-Claims of Defendants,

**BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY**

**COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY**

**COMPANY**:

**FIRST**:    Answering Defendant repeats and re-alleges each and every

admission, denial and defense set forth in its Answer to the Amended Complaint with

Cross-Claims, as if more fully set forth at length herein.

**SECOND**:    Answering Defendant denies each and every allegation contained in

paragraphs "TWENTY-SIXTH," "TWENTY-SEVENTH"and "TWENTY-EIGHTH" in

the "FIRST CROSS-CLAIM" and "SECOND CROSS-CLAIM" of Defendants,

BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY

COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY

COMPANY.

**WHEREFORE,** Answering Defendant demands that the Cross-Claims be

dismissed with costs to Answering Defendant as against cross-claiming Defendants, and

that the Court grant such other, further and different relief as the justice of the cause may

require.

Dated in the City of New York on January 2, 2008

<div style="margin-left: 40%;">

Respectfully submitted,

JUNGE & MELE, LLP
*Attorneys for Defendant*
*Advance Ocean Inc.*

/s/ Peter A. Junge
By_____
Peter A. Junge (PJ-0745)
29 Broadway - 9th Floor
New York, NY 10006
(212) 269-0061

</div>

*11740-PAJ*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- x
```

| | | |
|---|---|---|
| **GREAT AMERICAN INSURANCE** | : | **07 CIV 6421 (PAC) (THK)** |
| **COMPANY OF NEW YORK,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **ANSWER TO** |
| **ADVANCE OCEAN INC., NIPPON YUSEN** | : | **CROSS-CLAIMS** |
| **KAISHA, NYK (NORTH AMERICA) INC.,** | : | |
| **BURLINGTON NORTHERN SANTA FE** | : | |
| **CORPORATION, BNSF RAILWAY** | : | |
| **COMPANY, THE BURLINGTON** | : | |
| **NORTHERN AND SANTA FE RAILWAY** | : | |
| **COMPANY,** | : | |
| **Defendants.** | : | |

```
-------------------------------------------------------- x
```

Defendant, **ADVANCE OCEAN INC.**, by its attorneys, **JUNGE & MELE, LLP**,

hereby sets forth the following as its Answer to the Cross-Claims of Defendants,

**NIPPON YUSEN KAISHA,** and **NYK (NORTH AMERICA) INC.** :

**FIRST**:      Answering Defendant repeats and re-alleges each and every

admission, denial and defense set forth in its Answer to the Amended Complaint with

Cross-Claims, as if more fully set forth at length herein.

**SECOND**:      Answering Defendant denies each and every allegation contained in

paragraphs "TWENTY-SEVENTH," "TWENTY-EIGHTH"and "TWENTY-NINTH" in

the "FIRST CROSS-CLAIM" and "SECOND CROSS-CLAIM" of Defendants, NIPPON

YUSEN KAISHA, and NYK (NORTH AMERICA) INC.

**WHEREFORE,** Answering Defendant demands that the Cross-Claims be

dismissed with costs to Answering Defendant as against cross-claiming Defendants, and

that the Court grant such other, further and different relief as the justice of the cause may

require.

Dated in the City of New York on January 2, 2008

Respectfully submitted,

JUNGE & MELE, LLP
*Attorneys for Defendant*
*Advance Ocean Inc.*

/s/ Peter A. Junge
By_____
Peter A. Junge (PJ-0745)
29 Broadway - 9th Floor
New York, NY 10006
(212) 269-0061

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

               Plaintiff,

      - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

               Defendants.
------------------------------------------------------------------X

**ANSWER TO CROSS
CLAIMS**

07 CIV 6421 (PAC)(THK)

Defendants BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY

COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C.,

hereby answer the Cross Claims of Defendant ADVANCE OCEAN, INC. ("Advance Ocean")

asserted against them in Advance Ocean's Answer to Amended Complaint with Cross-Claims:

     FIRST:        Defendants repeat and re-allege each and every admission, denial, and defense

set forth in its Answer to Amended Complaint.

### WITH RESPECT TO THE CROSS CLAIMS AGAINST BURLINGTON NORTHEN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY

     SECOND:    Defendants deny the truth of each and every allegation contained in

paragraphs "FIRST" and "SECOND" in the "CROSS-CLAIMS AGAINST CO-DEFENDANTS

NIPPON YUSEN KAISHA, NYK (NORTH AMERICA) INC., BURLINGTON NORTHEN

SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLING NORTHERN

SANTA FE RAILWAY COMPANY" of Advance Ocean's Answer to Amended Complaint with

Cross-Claims.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Cross Claims

asserted against it, together with the costs and disbursements of this action; and that the Court award

such other relief as it may deem just and proper.

Dated: New York, New York
       January 22, 2008

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____

Ronald E. Joseph (RJ 9302)
Arjay G. Yao (AY0506)
Attorneys for Defendants
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY
COMPANY, THE BURLINGTON
NORTHERN AND SANTA FE
RAILWAY COMPANY
120 Broadway, 27th Floor
New York, New York  10271-0079
(212) 238-4800


TO:    KINGSLEY KINGSLEY & CALKINS
       Attorneys for Plaintiff
       91 West Cherry Street
       Hicksville, New York 11801
       (516) 931-0064

       JUNGE & MELE LLP
       Attorneys for Advance Ocean, Inc.
       29 Broadway
       9th Floor
       New York, New York 10006

455153.1 DocsNY

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

      **Jelena Brigida**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

      That on the 22nd day of January, 2008, deponent served the within **ANSWER TO CROSS CLAIMS**
upon

                        KINGSLEY KINGSLEY & CALKINS
                        Attorneys for Plaintiff
                        91 West Cherry Street
                        Hicksville, New York 11801

                        JUNGE & MELE LLP
                        Attorneys for Advance Ocean, Inc.
                        29 Broadway, 9th Floor
                        New York, New York 10006

attorneys in this s action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                      _____
                                        Jelena Brigida

Sworn to before me this
22nd day of January, 2008

_____
      Notary

                                LAURIE EGAN
                        Notary Public, State of New York
                            No. 01EG5062768
                        Qualified in Orange County
                    Commission Expires Aug. 7, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY OF
NEW YORK,

              Plaintiff,

   - against -

ADVANCE OCEAN INC., NIPPON YUSEN
KAISHA, NYK LINE (NORTH AMERICA) INC.,
BURLINGTON NORTHERN SANTA FE
CORPORATION, BNSF RAILWAY COMPANY,
THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY,

              Defendants.
----------------------------------------------------------------X

**ANSWER TO CROSS
CLAIMS**

07 CIV 6421 (PAC)(THK)

      Defendants NIPPON YUSEN KAISHA, NYK LINE (NORTH AMERICA) INC. ("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Cross Claims of Defendant ADVANCE OCEAN, INC. ("Advance Ocean") asserted against them in Advance Ocean's Answer to Amended Complaint with Cross-Claims:

      FIRST:       Defendants repeat and re-allege each and every admission, denial, and defense set forth in its Answer to Amended Complaint.

### WITH RESPECT TO THE CROSS CLAIMS AGAINST NIPPON YUSEN KAISHA, NYK LINE (NORTH AMERICA) INC.

      SECOND:     Defendants deny the truth of each and every allegation contained in paragraph "FIRST" and "SECOND" in the "CROSS-CLAIMS AGAINST CO-DEFENDANTS NIPPON YUSEN KAISHA, NYK (NORTH AMERICA) INC., BURLINGTON NORTHEN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLING NORTHERN SANTA FE

RAILWAY COMPANY" of Advance Ocean's Answer to Amended Complaint with Cross-Claims.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Cross Claims asserted against it, together with the costs and disbursements of this action; and that the Court award such other relief as it may deem just and proper.

Dated: New York, New York
       January 22, 2008

                                  Respectfully submitted,

                                  LANDMAN CORSI BALLAINE & FORD P.C.


                          By:  _____
                                  Ronald E. Joseph (RJ 9502)
                                  Arjay G. Yao (AY0506)
                                  Attorneys for Defendants
                                  NIPPON YUSEN KAISHA AND NYK LINE
                                  (NORTH AMERICA)
                                  120 Broadway, 27th Floor
                                  New York, New York  10271-0079
                                  (212) 238-4800


TO:    KINGSLEY KINGSLEY & CALKINS
       Attorneys for Plaintiff
       91 West Cherry Street
       Hicksville, New York 11801
       (516) 931-0064

       JUNGE & MELE LLP
       Attorneys for Advance Ocean, Inc.
       29 Broadway
       9th Floor
       New York, New York 10006


455157.1 DocsNY

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

      **Jelena Brigida**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

      That on the 22nd day of January, 2008, deponent served the within **ANSWER TO CROSS CLAIMS**
upon

                    KINGSLEY KINGSLEY & CALKINS
                    Attorneys for Plaintiff
                    91 West Cherry Street
                    Hicksville, New York 11801

                    JUNGE & MELE LLP
                    Attorneys for Advance Ocean, Inc.
                    29 Broadway, 9th Floor
                    New York, New York 10006

attorneys in this s action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                          _____
                                          Jelena Brigida

Sworn to before me this
22nd day of January, 2008

_____
      Notary

                                LAURIE EGAN
                        Notary Public, State of New York
                            No. 01EG5062768
                      Qualified in Orange County
                      Commission Expires Aug. 7, 2010

*11740-PAJ*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

GREAT AMERICAN INSURANCE      :      **07 CIV 6421 (PAC) (THK)**
COMPANY OF NEW YORK,      :

                 **Plaintiff,**      :

     **v.**      :

     :      **NOTICE OF MOTION**

ADVANCE OCEAN INC., NIPPON YUSEN      :      **TO DISMISS**
KAISHA, NYK (NORTH AMERICA) INC.,      :      **AMENDED COMPLAINT**
BURLINGTON NORTHERN SANTA FE      :
CORPORATION, BNSF RAILWAY      :
COMPANY, THE BURLINGTON      :
NORTHERN AND SANTA FE RAILWAY      :
COMPANY,      :

                 **Defendants.**      :

-------------------------------------------------------- x

| | |
|---|---|
| **MOTION BY:** | Defendant, Advance Ocean Inc. |
| **PLACE, DATE & TIME OF MOTION:** | Before the Honorable Paul A. Crotty, United States District Judge, at the U.S. Courthouse, 500 Pearl Street, New York, NY 10007, at a hearing date to be determined by the Court in the event it requests oral argument. |
| **SUPPORTING PAPERS:** | 1.    Declaration of Esther Helen Lee, dated January 31, 2008; and<br>2.    Memorandum of Law in Support of Motion. |
| **RELIEF REQUESTED**: | An order dismissing the Amended Complaint for failure to state a claim upon which relief can be granted, or alternatively, for lack of personal jurisdiction under, respectively, Fed. R. Civ. P. Rules 12(b)(6) and 12(b)(2). |
| **OPPOSING PAPERS**: | Opposing papers are to be filed in accordance with the Court's Scheduling Order dated January 17, 2008. |

Dated in the City, County & State of New York on February 1, 2008

                                        Respectfully submitted,

                                          JUNGE & MELE, LLP
                                          *Attorneys for Defendant - Advance Ocean Inc.*

                                          /s/ Peter A. Junge
By_____
                                          Peter A. Junge (PJ-0745)
                                          29 Broadway
                                          New York, NY 10006
                                          (212) 269-0061

To: All Counsel via ECF

2