**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 08 C 3921 |
| v. | ) ) Judge Amy J. St. Eve |
| ADVANCE OCEAN INC., NIPPON YUSEN KAISHA, NYK (NORTH AMERICA) INC., BURLINGTON NORTHERN SANTA FE CORPORATION, BNSF RAILWAY COMPANY, THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, | ) ) Magistrate Judge Keys ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT**
**TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW COMES the defendant, ADVANCE OCEAN INC., by its attorneys, Michael A Snyder and Timothy S McGovern, and submits this memorandum in support of its motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

**I.     Introduction**

Plaintiff is a subrogated cargo underwriter which sued Defendant ADVANCE OCEAN INC., ("Advance") as "operators of a railroad" and "common carriers" governed by 49 U.S.C. § 11706. Advance is neither a railroad operator nor a common carrier. It is merely an ocean transportation intermediary which booked the cargo for marine transport on behalf of a freight

forwarder representing Plaintiff's assured. The Amended Complaint therefore fails to state a claim upon which relief can be granted.

Plaintiff commenced this lawsuit as insurer/subrogee of its assured, Maclean Power Systems ("Maclean"), for alleged damage to a cargo of telecommunications insulators. The insulators were allegedly damaged as the result of a train derailment somewhere between Illinois and California while being transported by defendants Burlington Northern Santa Fe Corporation, BNSF Railway Company and the Burlington Northern and Santa Fe Railway Company (hereafter collectively "BNSF").

The Amended Complaint alleges that the defendants, including Advance, are liable as "operators of a railroad doing business as common carriers by rail in interstate commerce…" However, Advance is not a railroad operator. *See Declaration of Esther Helen Lee, submitted herewith as Exhibit 1 and made a part hereof ("Lee Declaration").* It is a registered California corporation located in California which is licensed as an Ocean Transportation Intermediary by the Federal Maritime Commission. As an Ocean Transportation Intermediary, Advance dispatches shipments from the United States by booking space with ocean common carriers and by preparing shipping documents on behalf of its customers.

Advance's only involvement with the shipment at issue was that it booked the cargo for ocean transport on behalf of, and at the request of, Maclean's Illinois freight forwarder, Berardino & Associates (Berardino). On June 7, 2006, Advance received an email from an individual named Bob Mohn who stated that he worked for Berardino and that he was looking to ship a cargo of telecommunications insulators from Chicago to Bangkok, Thailand, on behalf of Maclean. *See Lee Declaration Exhibit A.*

On June 9, 2006, Advance arranged to have the cargo shipped with Defendant NYK Line (North America) Inc. ("NYK"), a global ocean carrier. NYK issued Advance a "Booking Fax Confirmation" which indicated that NYK would transport the insulators in seven containers from a rail yard in Elwood, Illinois, to the Port of Los Angeles, California, where the containers would be loaded onto a NYK merchant container vessel for carriage to Laem Chabang, Thailand. *See Lee Declaration Exhibit B*. On or about June 12, 2006, Advance issued a "Booking Confirmation" which identified Berardino as the "Shipper," and Nippon Yusen Kaisha," *i.e.* NYK, as the "Carrier." *See Lee Declaration Exhibit C*. NYK then arranged for the rail transport with the BNSF defendants, and Berardino apparently arranged to have the cargo transported from Maclean's facility in Franklin Park, Illinois to BNSF's Joliet Logistics rail yard in Elwood, Illinois.

### II.     Rule 12(b)(6), F.R.Civ.P.

Rule 12(b)(6), F.R.Civ.P. ("Rule 12(b)(6)") states, in relevant part, that "…a party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can be granted." A complaint should be dismissed if there is no doubt that the plaintiff is unable to prove a set of facts which would entitle him to relief. *Schnall v. Marine Midland Bank*, 225 f.3d. 263, 266 (2d Cir. 2000), citing *Hayden v. County of Nassau*, 180 F.3d. 42, 47 (2d Cir. 1999). Although consideration on a motion to dismiss is ordinarily limited to the face of the complaint and the documents either attached to the complaint or incorporated by reference, the court may also consult other documents if they are integral to plaintiff's claims and the plaintiff had notice of that information. *See e.g., Cortec Indus., Ins. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991).

In this case, the only cause of action Plaintiff asserts against Advance is a claim under 49 U.S.C. §11706. However, Advance cannot be held liable under that statute because it was not a "rail carrier providing transportation service." A "rail carrier" is defined as a "person providing common carrier railroad transportation for compensation…" 49 U.S.C. §10102(5). Liability imposed under 49 U.S.C. §11706 "is for the actual loss or injury to the property caused by (1) the receiving rail carrier; (2) the delivering rail carrier; or (3) another rail carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading." 49 U.S.C. §11706(a). Advance only booked the cargo for ocean transport with NYK, and so does not fall into these categories of rail carriers.

Additionally, Plaintiff's only conceivable predicate for any potential liability against Advance is the booking confirmations which Advance issued to Maclean's freight forwarder and which NYK issued to Advance, both showing clearly that NYK was the carrier which would transport the cargo. As such, it is appropriate for this court to review these booking confirmations, as well as the email from Maclean's freight forwarder requesting Advance's involvement in the transaction in the first place. *Schnall*, 225 F.3d 263,266. Moreover, the court may alternatively convert the motion to one for summary judgment. *Metrokane Inc., v. Wine Enthusiast*, 185 F.Supp.2d. 321 (S.D.N.Y. 2002).

### III. Conclusion

Based upon the foregoing, it is respectfully requested that the court dismiss the Amended Complaint against Advance with prejudice based upon Fed. R. Civ. P. Rule 12(b)(6).

              Respectfully submitted,

              ADVANCE OCEAN INC., defendant,

                s/ Timothy S. McGovern
                   Its attorney

Michael A. Snyder
Timothy S. McGovern
Snyder McGovern, LLC
12750 S. Harlem Ave.
Suite 2A
Palos Heights, Illinois 60463
Tel.: (708) 448-9700
Fax: (708) 448-9750

### CERTIFICATE OF SERVICE

I, Timothy S. McGovern, attorney, certify that I served a true copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** on this 8th day of August, 2008, on all parties that have appeared, via this Court's ECF system.

                s/ Timothy S. McGovern

11740-PAJ
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
GREAT AMERICAN INSURANCE         :   07 CIV 6421 (PAC) (THK)
COMPANY OF NEW YORK,             :
                    **Plaintiff,**   :
    v.                           :
                                    :   **DECLARATION OF**
ADVANCE OCEAN INC., NIPPON YUSEN  :   **ESTHER HELEN LEE IN**
KAISHA, NYK (NORTH AMERICA) INC., :   **SUPPORT OF ADVANCE**
BURLINGTON NORTHERN SANTA FE      :   **OCEAN INC.'S MOTION TO**
CORPORATION, BNSF RAILWAY         :   **DISMISS PURSUANT TO**
COMPANY, THE BURLINGTON           :   **FED. R. CIV. P. 12(B)(2) & (6)**
NORTHERN AND SANTA FE RAILWAY     :
COMPANY,                          :
                  **Defendants.**    :
------------------------------------------------------------ x

Esther Helen Lee declares as follows:

1. I am and was at all times relevant the Director of defendant, Advance Ocean Inc. ( "Advance"), and I am fully familiar with the following facts. I submit this Declaration in support of Advance's motion to dismiss the complaint for lack of personal jurisdiction and failure to state a claim.

2. The Amended Complaint alleges that a cargo of insulators was damaged "moving from Elwood, Illinois to Los Angeles," and that the defendants, including Advance, are "operators of a railroad doing business as common carriers by rail in interstate commerce." It is my understanding that the cargo was allegedly damaged as the result of a train derailment somewhere between Illinois and California while being transported by defendants Burlington Northern Santa Fe Corporation, BNSF Railway Company, and the Burlington Northern and Santa Fe Railway Company (hereafter

collectively "BNSF").

3. Advance is not a railroad operator. It is a California corporation with an office located at 17870 Castleton St., City of Industry, California, which is licensed as an Ocean Transportation Intermediary by the Federal Maritime Commission. As an Ocean Transportation Intermediary, Advance dispatches shipments from the United States by booking space with ocean common carriers and by preparing shipping documents on behalf of its clients.

4. Advance does not maintain either an office or an employee in New York, is not licensed or authorized to do business in New York, and does not have any bank accounts or property within the state. It does not maintain a phone listing in New York, and it does not promote its interests through agents or other individuals located in New York. There is also no relationship whatsoever between New York State and any of the facts underlying this lawsuit.

5. Advance's only involvement with the shipment at issue was that it made arrangements to ship the cargo via merchant vessel to Thailand on behalf of, and at the request of, the cargo owner's Illinois freight forwarder, Berardino & Associates ("Berardino"). On June 7, 2006, Advance received an email from an individual named Bob Mohn who stated that he worked for Berardino and that he was looking to ship a cargo of telecommunications insulators from Chicago to Bangkok on behalf of his customer, Maclean Power Systems ("Maclean"). *Exhibit A.*

6.    On June 9, 2006, Advance arranged to have the cargo shipped with defendant NYK Line (North America) Inc. (" NYK"), a global ocean carrier. NYK issued Advance a "Booking Fax Confirmation" which indicated that NYK would transport the insulators in seven containers from the Joliet Logistics rail park in Elwood, Illinois, to the port of Los Angeles, California, where the containers would then be loaded onto a NYK merchant vessel for carriage to Laem Chabang, Thailand. *Exhibit B*. Upon information and belief, Berardino arranged to have the cargo transported from Maclean's facility to the rail park, and NYK arranged rail carriage with defendants.

On or about June 12, 2006, Advance issued a "Booking Confirmation" which identified Berardino as "Shipper," "Nippon Yusen Kaisha," *i.e.* NYK, as the "Carrier," and the vessel as the "NYK PHOENIX V." The Booking Confirmation further contained the following information under the heading "Remarks;" "PLS USE CARRIER BOOKING# FOR PICK UP AND RETURN." *Exhibit C*.

7.    Given the foregoing, it cannot be reasonably disputed that Advance did not act as either a rail carrier or any other common carrier with respect to this shipment, and that its responsibilities were limited to arranging ocean transport via NYK and preparing the Booking Confirmation for Berardino. There is absolutely no conceivable set of circumstances whereby Plaintiff could allege that Advance committed

any act of negligence which could have contributed to the cargo damage, nor is there any such allegation in the complaint.

8. Moreover, given the total lack of any nexus between the underlying transaction and the State of New York, it is respectfully submitted that this court lacks personal jurisdiction over Advance.

9. It is respectfully submitted that the court grant Advance's motion to dismiss in its entirety.

*I declare under penalty of perjury that the above is true and correct.*

Dated in Rosemead, California on January 31, 2008

_____
Esther Helen Lee

**tracyl@aoila.com**

From: "Bob Mohn" <rmohn@berardino.net>
To: <tracyl@aoila.com>
Sent: Wednesday, June 07, 2006 2:27 PM
Subject: RE: Upcoming booking

Tracy:

My name is Bob Mohn and I am with the forwarder Berardino & Associates in Illinois. I have a customer of mine, Maclean power Systems, that will be requiring 5-6 20' and 40' cntrs on a shipment they have going to Bangkok that requires shipment on a Thai Flag vessel. Can you provide me with 20' and 40' rates from Ramp Chicago to Bangkok port covering insulators used in the telecommunications industry.

Can you please provide me with the requested rates.

Thank you very much
Bob Mohn



EXHIBIT A

6/7/2006



# NYK LINE (NORTH AMERICA) INC.

```
TO: TRACY                                              15:  :27
FROM: LISA
            B O O K I N G   F A X   C O N F I R M A T I O N
            =================================================

     BOOKING NUMBER: BOI C 9613        DATE BOOKED: 6/09/06
     BOOKED BY: SHPR.                  NYK BOOKING REP: LISA
     SHIPPER: ADVANCE OCEAN INC.       FORWARDER: SAME
     SHIPPER REF#:

                    CARGO ROUTING INFORMATION
                    =========================
     VESSEL: NYK ATLAS                     VOYAGE: 20
     MOVE TYPE: CY / CY
     CONTAINER PICK UP PLACE: JOLIET LOGISTICS PARK
                              26664 SOUTH BASELINE ROAD
                              ELWOOD IL 60421

     DATE TO PICK UP:    6/12/06          CUTOFF DATE: 7/10/06
     NYK PLACE OF RECEIPT: JOLIET LOGISTICS PARK
                           26664 SOUTH BASELINE ROAD
                           ELWOOD IL 60421

     LOAD: LOS ANGELES, CA   DISCH: LAEM CHABANG, THAILA   P O D: LAT KRABANG  THAILAN
     ETD: 7/18/06            ETA: 8/07/06                  E T A: 8/08/06

                    BOOKED CARGO INFORMATION
                    ========================
     NO. OF CONTAINERS: 7  SIZE: 40  TYPE: DRY
     COMMODITY: INSULATOR                CARGO WEIGHT    133 KTS
     HAZARDOUS CARGO Y/N: N              OVERDIMENSIONAL CARGO Y/N: N

                    OTHER BOOKING INFORMATION
                    =========================
     B/L ISSUE OFFICE: BOISE             B/L SUBMT OFFICE: BOISE
     EX-DEC SBMT OFFICE:

                         NYK COMMENTS:
                         =============

ROLLED PER YOUR REQUEST. PER OUR CONVERSATION, THIS    BKG HAS ROLLED TOO
MANY TIMES. PLEASE ADVISE YOUR CUSTOMER THAT YOU WILL  NOT BE ABLE TO ROLL
THIS AGAIN. NEXT TIME IT WILL HAVE TO BE CANCELED.

               THANK YOU FOR SHIPPING WITH
               NYK LINE:   (888)-695-7447

   NYK ACCEPTS THE INFORMATION YOU HAVE PROVIDED AND ITS ACCURACY.  SHOULD ANY ERROR
   DETECTED IN THIS FAX DOCUMENT, PLEASE NOTIFY US IMMEDIATELY SO WE MAY ARRANGE FOR
   CORRECTIONS.
```



EXHIBIT B



**ADVANCE OCEAN, INC.**
8232 GARVEY AVE, SUITE 201, ROSEMEAD, CA 91770 - U.S.A
Tel: 626-571-1988  Fax: 626-571-6568
Email: info@aoila.com

Total Pages: _____

# BOOKING CONFIRMATION

Revised On: 07/10/2006
By: TRACY / EXT#115

0 0 0 0 0 3 4 5 3

BOOKING DATE:   06/12/2006

SHIPPER: BERARDINO & ASSOCIATES, INC.
188 INDUSTRIAL DRIVE SUITE 427
ELMHURST, IL 60126
Tel: 630-834-2670   Fax: 630-834-2696   Attn: BOB MOHN

NOTIFY PARTY:

OUR BK #: LAXBKK3453
CARRIER: NIPPON YUSEN KAISHA
CARRIER BK#: BOIC9613

EXPORT REF#: 0607TMN058
YOUR REF#:

VESSEL/VOY: NYK PHOENIX V. 18
RECEIPT: CHICAGO, IL., U.S.A.
LOADING: LOS ANGELES, CA
DISCHARGE: BANGKOK

DESTINATION: BANGKOK
CUT-OFF DATE: 07/17/2006 04:00 PM
E.T.D. DATE: 07/25/2006
E.T.A. DATE: 08/15/2006

*DESCRIPTION AS DESCRIBED BY YOU...*
COMMODITY: INSULATOR

NO. OF PKGS:
MEASUREMENT: 0 CBM    0 CFT
WEIGHT: 0 kgs    0 lbs
CONTAINER TYPE: 7 x 40

PICKUP AT: JOLIET LOGISTICS PARK
RECEIVING TERMINAL: JOLIET LOGISTICS PARK
26664 SOUTH BASELINE ROAD
ELWOOD, IL 60421
Tel: 815-424-2200

REMARKS: PLS USE CARRIER BOOKING# BOIC9613 FOR PICK UP AND RETURN.
NYK JUST ADVISED ME THAT THE EARLIER DATE TO RETURN LOAD
CONTAINERS BACK TO RAMP IS ON 6/30 WHICH IS 72 HOURS PRIOR
TO CUT OFF DATE.

**EXHIBIT C**

NOTE: * SHIPPER'S "EXPORT DECLARATION" REQUIRES THREE DAYS PRIOR TO VESSEL SAILING.
1. PLEASE DELIVER THE CARGO TO OUR RECEIVING TERMINAL BEFORE THE CUT-OFF DATE.
2. PLEASE ADVISE YOUR CARRIER BOOKING NUMBER TO RECEIVING TERMINAL UPON DELIVERY OF THE SHIPMENT

*Thank you for using our service!*

Copyright 2005 by Acrobase. All rights reserved. For questions about our cargo management software, please call 714-467-5460 or visit www.acrobase.com.